**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEITH KENNETH KEMMERER,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-12-0186 |
| v.   : | |
| : | (Judge Caputo) |
| **SUPERINTENDENT GAVIN,** *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.     Introduction**

The petitioner, Keith Kemmerer, a former state prisoner incarcerated at the Waymart State Correctional Institution (SCI-Waymart), in Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of his release by the Pennsylvania Board of Probation and Parole.[1]  (Doc. 1, Pet.)  For the reasons that follow, the Court will deny the petition.

**II.    Relevant Factual and Procedural History**

Respondents have provided the Court with a summary of Mr. Kemmerer's criminal convictions in the Court of Common Pleas of Lehigh County.  (Doc. 12-1,

---

[1] A search of the Pennsylvania Department of Corrections' Inmate Locator database, http://inmatelocator.cor.state.pa.us/inmatelocatorweb/, reflects that Mr. Kemmerer is not presently incarcerated in a state correctional institution.  Moreover, a search of the Victim Information and Notification Everyday system, also known as VINELink, www.vinelink.com, reveals that Mr. Kemmerer is currently released on parole.  As Mr. Kemmerer did not advise the court of his release, his mailing address is unknown.

Barkley Decl.)  In September 1974, Mr. Kemmerer was sentenced to 10 to 23 months' incarceration after being convicted of Burglary, *Commonwealth v. Kemmerer,* No. 1088 of 1973 (Lehigh Ct. Com. Pl.).  (Doc. 12, Answer.)  In December 1974 he was sentenced to 2 years probation after being convicted for Possessing Instruments of Crime, *Commonwealth v. Kemmerer,* No. 1849 of 1974 (Lehigh Ct. Com. Pl.).  (*Id.*)  In 1975 Mr. Kemmerer was convicted of Aggravated Assault and Attempted Burglary.  He was sentenced to 5 to 10 years' incarceration for each conviction, *Commonwealth v. Kemmerer,* Nos. 134 of 1975 and 1127 of 1975 (Lehigh Ct. Com. Pl.).  (*Id.*)

In November 1980 Mr. Kemmerer was convicted of two counts of Receiving Stolen Property.  *Commonwealth v. Kemmerer,* Nos. 681 of 1980 and 682 of 1980 (Lehigh Ct. Com. Pl.)  He received a sentence of 1 to 3 years' incarceration for each conviction.  (*Id.*)  In 1990, Mr. Kemmerer was sentence to time served by a District Justice after being convicted of Criminal Mischief.  (*Id.*)

On June 21, 1991, Mr. Kemmerer pleaded *nolo contendere* to Burglary and was sentenced to 2 to 5 years of imprisonment.  *Commonwealth v. Kemmerer,* CP-39-CR-0002469-1990 (Lehigh Ct. Com. Pl.).[2]  The same day he pled *nolo contendere* to Receiving Stolen Property and was sentenced to 1 to 3 years' confinement for this conviction.  *Commonwealth v. Kemmerer*, CP-39-CR-0003058-1990 (Lehigh Ct. Com. Pl.).  (*Id.*)

---

[2]  The court takes judicial notice of the docket sheet in this matter, and Mr. Kemmerer's post-1990 Court of Common Pleas Lehigh County convictions, which are available via the Pennsylvania's Judiciary's Web Application Portal, https://ujsportal.pacourts.us.

On July 23, 1993, Mr. Kemmerer was released on parole from his two most recent Lehigh County Court of Common Pleas sentences. *Commonwealth v. Kemmerer,* CP-39-CR-0002469-1990 (Lehigh Ct. Com. Pl.) and *Commonwealth v. Kemmerer*, CP-39-CR-0003058-1990 (Lehigh Ct. Com. Pl.). (*Id.*)  However, on November 9, 1995, his parole was revoked after a technical parole violation, his admitted unsuccessful discharge from Treatment Trends. (Doc. 12-1, Notice of Board Decision, ECF p. 7.)  His parole violation maximum date was set as June 12, 1996. (*Id.*)

In March 1997, Mr. Kemmerer was sentenced to 1 year probation after pleading guilty to one count of Obstructing Administration of Law or Other Governmental Function. *Commonwealth v. Kemmerer*, CP-39-CR-0003576-1996 (Lehigh Ct. Com. Pl.). (Doc. 12, Answer.)  On October 21, 1998, his probation was revoked and he was sentenced to time served to 1 year of incarceration. (*Id.*)  Less than a month later Mr. Kemmerer was sentenced to time served to 12 months, less a day, after pleading guilty to Disorderly Conduct. *Commonwealth v. Kemmerer*, CP-39-0002970-1998. (*Id.*)

On June 27, 2002, Mr. Kemmerer was sentenced to two terms of imprisonment of not less then 10 years or more than 20 years in state prison after pleading guilty to two separate counts of burglary.  Per his plea agreement, the sentences were to run concurrently. *Commonwealth v. Kemmerer*, CP-39-CR-0001374-2001 and CP-39-CR-0001475-2001 (Lehigh Ct. Com. Pl.); *see also Kemmerer v. Lehigh Cnty. Courthouse*, Civ. No. 3:CV-08-1690, 2009 WL 1032772

(M.D. Pa. Apr. 16, 2009). His maximum sentence date on this sentence is April 19, 2021. (Doc. 12-1, Pa. Department of Corrections Sentence Status Summary, ECF p. 9.)

On October 18, 2010, Mr. Kemmerer was transferred to a community corrections center (CCC) on prerelease by the Pennsylvania Department of Corrections (DOC). (Doc. 12, Answer.)

On April 8, 2011, the Board reviewed Mr. Kemmerer for parole release and ultimately denied him parole. (Doc. 12-1, Notice of Board Decision, ECF p. 13.) The Board cited the following reasons for its decision: (1) his risk and needs assessment indicating his level of risk to the community; (2) reports, evaluations and assessment/level of risk indicates your risk to the community; (3) his failure to demonstrate motivation for success; (4) his minimization/denial of the nature and circumstances of the offense(s) committed; and (5) the negative recommendation made by the prosecuting attorney. (*Id.*) The Board advised Mr. Kemmerer he would be reviewed again in October 2011 at which time they would review his file and consider whether he maintained a favorable recommendation for parole from the Department of Corrections and whether he maintained a clear conduct record. (*Id.*)

On June 13, 2011, the DOC removed Mr. Kemmerer from prerelease status and returned him to a state correctional facility "after it was determined that his behavior in the community showed that he could not safely [be] managed in the community." (Doc. 12-1, Barkley Decl., ECF p. 5.)

On December 14, 2011, Mr. Kemmerer was again reviewed by the Board for parole and denied release. (*Id.*, Notice of Board Decision, ECF p. 16.) The notice

listed the following reasons in support of the decision to deny Mr. Kemmerer parole: (1) the negative recommendation made by the DOC; (2) his pre-release failure; and (3) reports, evaluations and assessments/level of risk indicated his risk to the community.  The Board advised Mr. Kemmerer that he would be reviewed again in December 2012 at which time they would review his file and consider whether he received a favorable recommendation for parole from the DOC, whether he had maintained a clear conduct record and completed the DOC's prescriptive program(s).  The Board also sought an updated psychological report to be available at the time of review.  (*Id.*)

As noted earlier, Mr. Kemmerer is presently not incarcerated and is on parole.

### III.     Standard of Review

Section 2254(a) of Title 28 of the United States Code gives this Court jurisdiction to entertain a habeas petition brought by a person in custody pursuant to a state court judgment:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under § 2254, rather than § 2241).

Keith Kemmerer's Petition challenging the denial of his parole is appropriately before the Court as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

## IV.  Discussion

At the time Mr. Kemmerer filed this petition he was incarcerated and was denied parole after the DOC revoked his pre-release status.  Mr. Kemmerer claims that the Board violated his constitutional rights by arbitrarily denying him early release and failing to adequately advise him as to the reasons for denying him parole.

### A.  Mootness

Generally, when a prisoner is challenging the execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded.  See *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Burkey v. Marberry*, 556 F.3d 142, 147-48 (3d Cir. 2009). "Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v Chafin*, ___ U.S. ___, ___, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013).  Thus, to invoke federal court jurisdiction, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id*., (quoting *Lewis v. Cont'l Bank*

*Corp*., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990))(internal quotation marks omitted).  Article III prohibits decisions on "questions that cannot affect the rights of litigants in the case before them," and requires that "the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin*, ___ U.S. at ___, 133 S. Ct. at 1023 (internal quotations omitted).  A suit becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Already, LLC v. Nike, Inc.*, ___ U.S. ___, ___, 133 S.Ct. 721, 726–27, 184 L.Ed.2d 553 (2013) (internal quotation marks and citation omitted), or "when it is impossible for a court to grant any effectual relief whatever to the prevailing party," *Knox v. Serv. Emps. Int'l Union, Local 1000*, ___ U.S. ___, ___, 132 S.Ct. 2277, 2287, 183 L.Ed.2d 281 (2012) (internal quotation marks and citation omitted).

A federal habeas petition challenging an underlying criminal conviction is never rendered moot by the petitioner's release from custody after its filing so long as there are collateral consequences that flow from the criminal conviction. *Spencer,* 523 U.S. at 12, 118 S.Ct. at 985.  The doctrine of collateral consequences applies where a former prisoner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand.  See *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968).

Here, Mr. Kemmerer challenged the execution of his sentence and not the lawfulness of his underlying conviction.  He sought to challenge the Board's rationale for denying him parole.  Now that Mr. Kemmerer has been released on

parole, there is no longer any case or controversy as there is no injury that can be redressed by a favorable decision.  See *Razzoli v. FCI-Allenwood*, 200 F. App'x 166. 169 (3d Cir. 2006) (non-precedential) (release from custody mooted habeas petition alleging delayed release on parole, as the remedy sought through habeas has been granted by passage of time.)  Accordingly, the petition is moot and subject to dismissal.

### B. Exhaustion

Respondents argue that "[t]o the extent Petitioner claims that the parole refusal failed to give him proper notice of why he was refused parole, such a claim" must first be presented to the Pennsylvania Commonwealth Court before this Court may consider his claims.  (Doc. 13, Mem., ECF p. 6.)  As such, Respondents suggest the Petition should be dismissed.  Respondents' exhaustion argument is unavailing.

Without unnecessary elaboration, the Court declines to dismiss the Petition on exhaustion grounds.  State prisoners must exhaust every opportunity for state review of their claims before filing a petition for writ of habeas corpus in the federal courts.  28 U.S.C. § 2254(b)(1)(A).   A prisoner has not exhausted every opportunity for state review "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Aside from a challenge to a parole decision premised upon the Ex Post Facto Clause, Pennsylvania courts have not recognized writ of mandamus or direct appeal as possible avenues of relief for constitutional claims concerning parole denials.  *See*

*DeFoy v. McCullough,* 393 F.3d 439, 445 (3d Cir. 2005). Accordingly, the court holds there were no potential state court remedies that Mr. Kemmerer could have exhausted prior to filing this federal habeas petition. Therefore, Respondents' exhaustion argument is without merit, and though the petition is moot due to his release on parole, because the court raised the mootness issue *sua sponte*, the court will nonetheless address the merits of his petition.

### B. Procedural Due Process Claim

The granting of parole prior to the expiration of a prisoner's maximum term is not a constitutionally protected liberty interest that is inherent to the Due Process Clause. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Thorpe v. Grillo,* 80 F. App'x. 215, 219 (3d Cir. 2003). Likewise, Pennsylvania state law does not create a liberty interest for state inmates to be released prior to the expiration of a valid sentence. *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996)(parole is not a constitutionally protected liberty interest under Pennsylvania law); *Rogers v. Pa. Bd. of Probation and Parole*, 555 Pa. 285, 292, 724 A.2d 319, 323 (Pa. 1999)("parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence."); *see also Weaver v. Pa. Bd. of Probation and Parole*, 688 A.2d 766, 770 (Pa. Commw. 1997)(under Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a

legitimately imposed sentence has expired.)  Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

Since the refusal to grant parole is not a protected liberty interest under state or federal law, Mr. Kemmerer is not entitled to relief on his procedural due process claim.

### C. Substantive Due Process Claim

Although a Pennsylvania inmate has no protected liberty interest in parole that implicates procedural due process, the Third Circuit Court of Appeals recognizes that parole cannot be denied on constitutionally impermissible grounds. *Burkett*, 89 F.3d at 139 - 40 (parole cannot be denied solely on the basis of the inmate's race, religion, or gender).  "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion." *Block v. Porter*, 631 F.2d 233, 237 (3d Cir. 1980).  The Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious actions is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking." *Hunterson v. DiSabato*, 308 F.3d 236, 246 - 47 (3d Cir. 2002).  Furthermore, "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due

-10-

process are met if there is some basis for the challenged decision." *Coady,* 251 F.3d at 487.

The authority to grant parole under Pennsylvania law is vested solely in the Board. *See* 61 PA. CON. STAT. § 6132. As such, the Board is required to consider the nature and character of the offense(s) committed, the general character and history of the prisoner, the written or personal statement or testimony of the victim or victim's family, and the recommendations of the trial judge, the district attorney and each warden or superintendent who has had control over the applicant. *See* 61 PA. CON. STAT. § 6135.

Mr. Kemmerer suggests that the Board's December 14, 2011 decision denying him parole was based on impermissible standards and misjudged his progress in society.[3] (Doc. 1, Pet.) Specifically, he contends the Board violated his substantive due process rights when denying him early release on parole because: (1) it based its decision to deny him parole on "aggravating factors" which are not supported by the record; and (2) the Board did not give his misconduct free record, or his positive programming accomplishments, adequate weight when denying him

---

[3] In his Petition, Mr. Kemmerer challenges both his April 8, 2008, and November 20, 2008, denials for parole. If the Court were to find that the Board's April 8, 2008, denial of parole violated Mr. Kemmerer's substantive due process rights, the appropriate remedy would be for the Court to direct the Board to hold a new hearing. *See, e.g., Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir. 2003). Since Mr. Kemmerer has already received a subsequent hearing, his challenge to the Board's April 8, 2011 decision is rendered moot. Therefore, only the Board's December 14, 2011, denial of parole will be examined by the Court.

parole.[4]  The Court disagrees.

In the present case, the Board indicated its reasons for denying Mr. Kemmerer parole on December 14, 2011.  (Doc. 12-1, ECF pp. 16-17.)  Those reasons included the following:  (1) the DOC's negative recommendation; (2) his pre-release failure; and (3) reports, evaluations and assessments/level of risk indicated his risk to the community.  The Board advised Mr. Kemmerer that he would be reviewed again in December 2012 at which time they would review his file and consider whether he received a favorable recommendation for parole from the DOC, whether he had maintained a clear conduct record and completed the DOC's prescriptive program(s).  The Board also sought an updated psychological report to be available at the time of review.  (*Id.*)

On its face, there is no substantive due process violation in the Board's reasons for denying Mr. Kemmerer parole.  Contrary to Mr. Kemmerer's assertions, the Board spells out some basis for its decision to deny him parole, and

---

[4] In his Petition, Mr. Kemmerer claims he was on parole (and not pre-release status) while housed in the CCC when he was returned to prison on June 13, 2011, without an administrative hearing.  The record, however, does not support Mr. Kemmerer's assertions as of April 19, 2011, the expiration of his minimum sentence, he was released on parole.  The record before the court verifies that the on October 18, 2010, the DOC released Mr. Kemmerer to a CCC on pre-release status.  Mr. Kemmerer does not provide the Court with any evidence that the Board granted him parole at the expiration of his minimum sentence.

To the extent Mr. Kemmerer seeks to challenge the DOC's decision to revoke his pre-release status, he does not state a claim as he does not have a liberty interest in pre-release status.  *See Powell v. Weiss*, 757 F.3d 338, 344-346 (3d Cir. 2014)(citing *Callender v. Sioux City Residential Treatment*, 88 F.3d 666, 669 (8th Cir. 1996) (holding that removing an inmate from a work-release program and returning him to prison did not deprive the inmate of a liberty interest because prison was "not atypical of what inmates have to endure in daily prison life.")).

the reasons were grounded in the factors required to be statutorily considered by the Board. The reasons were neither arbitrary nor do they shock the conscience. The Board's basis for its decision was also not a constitutionally impermissible basis such as race, sex, religion or national origin. The fact that Mr. Kemmerer disagrees with the reasons cited for his pre-release failure, or the DOC's withholding of a positive recommendation for parole in light of his programming successes, does not undermine the Board's decision or make the stated factors relied upon "conscience shocking." Moreover, the Court cannot find that the Board's stated reasons for denying Mr. Kemmerer parole were arbitrary reasons not in his best interests, or, not rationally related to the legitimate interests of the Commonwealth. The Court therefore finds the Board's denial did not result in a violation of Keith Kemmerer's substantive due process. Based on the above, habeas relief will be denied as to Mr. Kemmerer's substantive due process claims.

## V.   Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Applying this standard to the instant case, the Court concludes that

Petitioner has failed to demonstrate any violation of his constitutional rights.

Accordingly, a certificate of appealability will be denied.

## VI.    Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus is denied.

Also, a certificate of appealability is denied.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date:  October 3, 2014**